# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JAMES E. IVY                                                                                         PETITIONER
 #20294-076

VS.                                         2:17-CV-00210 –JM/JTR

GENE BEASLEY, Warden,
FCI Forrest City                                                                                    RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, James E. Ivy ("Ivy"), who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. *Doc. 1*. Before addressing Ivy's habeas claim, the Court will review the relevant procedural history of the case.

1

On May 17, 2005, Ivy was indicted on one count of being a felon in possession of a firearm. *United States v. Ivy*, Western District of Tennessee Case No. 2:05-CR-20188-01-JPM ("*Ivy I*"). *Doc. 12-1 at 1-2*. A jury found Ivy guilty, and on March 7, 2006, he was sentenced to 18 years and 5 months, with five years of supervised release to follow.[1] *Doc. 12-2, Attachment 4 at 12-13*.

On June 19, 2014, Ivy filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. *Ivy v. United States*, Western District of Tennessee Case No. 2:14-2475-JPM-dkv ("*Ivy II*").[2] On May 11, 2016, the sentencing court[3] ruled that Ivy was entitled to § 2255 relief and vacated his March 7, 2006 sentence because a prior attempted burglary conviction, used as a predicate conviction to qualify Ivy as an armed career offender, was no longer considered a violent felony after *Johnson v. United States*, 135 S.Ct. 2551 (2015).[4] On May 12,

---

[1] Because Ivy had three prior violent felony convictions, he was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). This sentencing enhancement substantially increased both his guideline range and the applicable statutory penalty. The statutory maximum penalty increased from not more than ten years to *not less than 15 years*. *Id. at Attachment 5, at 19-20, n. 1* (Order granting § 2255 relief).

[2] Ivy had filed an earlier request for § 2255 relief. *See, e.g., Ivy v. United States*, No. 2:14-cv-2475-JPM-dkv (W.D. Tenn.). Thus, the Sixth Circuit considered and granted Ivy permission to file a second or successive § 2255 motion in *Ivy II*.

[3] The same United States District Judge who sentenced Ivy presided over his § 2255 Motion; granted § 2255 relief; and later revoked his supervised release and imposed the revocation sentence he is now serving.

[4] In *Johnson*, the Supreme Court struck, as unconstitutionally vague, the enhancement of sentences under the ACCA's residual clause, which defined "violent felony" to include crimes involving "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.

2016, the sentencing court entered an Amended Judgment that reduced Ivy's original sentence to "time served, effective May 23, 2016." His term of supervised release was reduced to three years. *Doc. 12-2 at 18-24, 26-27.* Ivy did not appeal the Amended Judgment.[5]

On May 23, 2016, Ivy was released from custody and began serving the three year term of supervised release.

On June 27, 2017, Ivy was arrested and charged with violating the terms of his supervised release imposed by the Amended Judgment in *Ivy II*. On July 25, 2017, Ivy's supervised release was revoked, and he was sentenced to 21 months imprisonment, with no supervised release to follow. *Doc. 12-2 at 35, 37.* Ivy did not appeal the Judgment revoking his supervised release.[6]

On October 5, 2017, Ivy initiated this § 2241 habeas action.[7] *Doc. 1.* Ivy seeks a credit on his 21-month revocation sentence for "overserved time" in connection with the original sentence of conviction imposed in *Ivy I*.

---

§ 924(e)(2)(B). In *Welch v. United States*, 136 S.Ct. 1257 (2016), *Johnson* was held to be a substantive decision applicable retroactively to cases on collateral review.

[5] The Order granting § 2255 relief states that Ivy, his counsel, and the Government *all agreed* to a "time served" sentence. *Doc. 12-2 at 22*.

[6] A minute entry for the July 25, 2017 hearing indicates that Ivy was advised of his right to appeal his revocation sentence. *Ivy I*, at *Doc. 102*.

[7] Originally, Ivy filed his § 2241 Petition in the Western District of Tennessee, where he was convicted and sentenced. On December 19, 2017, Ivy's Petition was transferred to this

3

On January 30, 2018, Respondent Gene Beasley filed a Response requesting the dismissal of Ivy's Petition. *Doc. 12*. On February 15, 2018, Ivy filed two replies objecting to the dismissal. *Docs. 14-15*.

For the reasons discussed below, this Court recommends that Ivy's §2241 habeas Petition be dismissed, without prejudice.

## II. Discussion

In connection with the sentence Ivy is now serving for violating his supervised release, the Bureau of Prisons ("BOP") calculated his sentence as follows: (1) On July 25, 2017, Ivy's supervised release was revoked and he was credited, on that date, with beginning his 21-month revocation sentence; (2) The BOP gave him prior custody credit, from June 27, 2017 through July 24, 2017, and applied that credit against his 21-month revocation sentence; and (3) This resulted in the BOP projecting a release date of January 4, 2019. *Doc. 12-1 at 2-3*.

Ivy's request for habeas relief, construed broadly, attacks both the BOP's sentencing computation[8] and the sentencing court's May 11, 2016 resentencing ,

---

district, based on the transferring court's conclusion that the judicial district where Ivy is confined is the proper venue for his request for §2241 relief. *Doc. 6*.

[8] In his § 2241 Petition, Ivy argues the BOP should have computed his revocation sentence differently, to give him credit for the alleged "overserved" time on his original sentence of conviction. In his Reply Brief, however, Ivy concedes that BOP error is *not* to blame, but points to alleged error "committed by the District Court's judgment at resentencing." *Doc. 15 at 2*. As noted below, Ivy may still have time to bring a timely § 2255 claim to challenge the revocation sentence that was imposed on July 25, 2017.

after it granted his § 2255 Motion, and the July 25, 2017 sentence it imposed based on Ivy's violation of the terms of his supervised release. As explained below, Ivy's § 2241 claims are either without merit or procedurally unavailable to him.

### A. The BOP Did Not Abuse Its Discretion in Calculating Ivy's Sentence

Title 18 U.S.C. § 3585(b)[9] governs the computation of a federal sentence and specifically addresses whether a prisoner is entitled to credit on his federal sentence for time spent in custody before commencement of a federal sentence. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). The determination of whether a prisoner should be given credit for time served under § 3585(b) "is properly left to the Bureau of Prisons," which must make that determination only "after the defendant begins his sentence." *United States v. Pardue*, 363 F.3d at 699; *see also Fegans v. Norris*, 506 F.3d 1101, 1105 (8th Cir. 2007) (the BOP's decision to deny a *nunc pro tunc* designation is reviewed for an "abuse of the agency's substantial discretion").

---

[9] In pertinent part, § 3585(b) provides:
(b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior the date the sentence commences —
   (1) as a result of the offense for which the sentence was imposed; or
   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed
   *that has not been credited against another sentence*.
(emphasis added).

Ivy seeks a credit on his current revocation sentence for alleged "overserved" time related to the agreed "time served" sentence he received on May 12, 2016, after his successful § 2255 Motion. He argues that the BOP developed a plan for inmates in his situation, but he fails to explain the source, origin, or content of that "plan" or how it serves as a basis for reducing his current sentence. *Doc. 14*.

BOP Program Statement 5880.28 states:

> A sentence imposed by a court for "Time Served," means that all time spent in official detention (prior custody time), as a result of the offense for which sentence was imposed, is included in the "Time Served" sentence which the court imposed and *cannot be awarded to any other sentence*.

BOP Program Statement 5880.28, Sentence Computation Manual (CCCA) 07/20/1999) (emphasis added). Consistent with Program Statement 5880.28, the BOP plan Ivy references only applies *if* an inmate's original sentence of conviction is amended, post-*Johnson*, to an amended sentence that is "less than the amount of time" the inmate has already served. *Doc. 14 at 2* (excerpt from JNET re: BOP's plan for inmates affected by *Johnson*). Because the sentencing court imposed a "time served' sentence, after *vacating* Ivy's original sentence of conviction, Ivy has no *overserved* time that the BOP can credit.

Thus, the Court concludes that the BOP did not abuse its discretion in computing Ivy's revocation sentence.

### B. This Court Lacks Jurisdiction to "Adjust" The Sentence Imposed by the United States District Court in the Western District of Tennessee

In his Reply, Ivy suggests that this Court can "modify" his sentence to take into consideration the fact that, post-*Johnson*, the applicable statutory maximum sentence was ten years imprisonment (instead of not less than 15).[10] With this request Ivy seeks to have this Court credit him for "overserved" time by amending either: (1) the time served sentence imposed by the trial court on May 12, 2016; or (2) the revocation sentence imposed by the trial court on July 25, 2017. This Court has no authority to do either.

It is well established that inmates seeking to challenge the lawfulness of their federal convictions and sentences generally must pursue relief under 28 U.S.C. § 2255 in the *sentencing court*. *Lopez v. Sanders*, 590 F.3d 905, 906 (8th Cir. 2010). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced the petitioner. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); Thompson *v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas Petition attacks the execution of a sentence, or the manner

---

[10] Ivy does not quantify the exact sentence adjustment he seeks. His Petition states that he served 2 years, 5 months and 24 days in excess of the ten-year statutory maximum, post-*Johnson*. However, a document from the BOP suggests he actually served 1 year, 3 months and 11 days in excess of ten years. *Doc. 1 at 4-5*.

in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the petitioner is incarcerated. *DeSimone*, 805 F.2d at 323.

The "savings clause" of § 2255(e) contains a narrow exception that allows a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence, but *only if* "it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention." *See United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1061-62 (8th Cir. 2002) (describing the exception as a "narrowly-circumscribed 'safety valve'"). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907. Ivy's habeas Petition neither mentions § 2255(e) nor offers any explanation of why his § 2255 remedy was or is "inadequate or ineffective."

The Eighth Circuit has consistently held that the "savings clause" in § 2255(e) may not be invoked to raise an issue under § 2241 which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Lopez-Lopez v. Sanders*, 590 F.3d at 907; *Hill*, 349 F.3d at 1092; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

Ivy has failed to satisfy his burden of establishing that his appeal or § 2255 remedy was inadequate or ineffective to challenge the validity of the federal sentence

8

he is serving.[11] Any argument that the sentencing court erred in resentencing him after his original sentence was vacated or in sentencing him for violating the terms of his supervised release could have been asserted either on direct appeal or in the sentencing court under § 2255. In fact, Ivy pursued and was successful in obtaining § 2255 relief to vacate his original sentence, after obtaining permission from the Sixth Circuit to do so. *Doc. 12-2 at 21* (p. 4 of Order granting § 2255 relief). This illustrates that his § 2255 remedy was both adequate and effective. In connection with the revocation sentence he is now serving, which was imposed on July 25, 2017, Ivy may still have time to initiate a timely § 2255 petition.[12] *See*, *e.g.*, 28 U.S.C. § 2255(f) (imposing a one-year limitations period on § 2255 petitions).

In any event, this Court lacks jurisdiction, under § 2241, to amend a federal sentence of imprisonment imposed by the Western District of Tennessee. Ivy must pursue such relief before the sentencing court that imposed the sentence he seeks to correct. *See Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004) (explaining

---

[11] A petitioner cannot file a § 2241 habeas petition because he no longer has any remaining avenues for redress under § 2255. The Eighth Circuit, in defining what is meant by "inadequate or ineffective," has held that more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion. A § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied;" (2) "the petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire." *See United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000).

[12] Ivy suggests that his counsel may have been ineffective at the revocation hearing in advising him that the BOP would credit him for any overserved time.

that Congress "enacted § 2255 as a means of ensuring a simpler method of review by vesting jurisdiction in the sentencing jurisdiction, which already has a record of the case, rather than in the district of confinement, which would typically have to start from scratch").

### III. Conclusion

No basis exists for altering the BOP's computation of Ivy's revocation sentence. In addition, this Court lacks subject matter jurisdiction to alter any federal sentence imposed by the Western District Tennessee. Accordingly,

IT IS THEREFORE RECOMMENDED THAT this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (*doc. 1*) be DISMISSED, without prejudice.

Dated this 5th day of March 2018.

_____
UNITED STATES MAGISTRATE JUDGE